The opinion of the court was delivered by
Breaux, J.
The information filed against the defendant sets forth and charges that he committed the offence of extortion in office while acting as justice of the peace. The information contains the state *1228 ment of the prosecuting officer; charging that in a case before the magistrate (the relator here), the offence shown by the affidavit of •the prosecuting witness was assault and battery; subsequently, the prosecuting witness, who was the wife of the accused, entered into a compromise with her husband, against whom she had lodged a complaint. In compliance with the desire of the wife the relator entered a discontinuance of the prosecution. He did not, it is charged, forward the affidavit to the District Court for action. He received six dollars and forty cents as costs incurred.
In order to more fully set forth the offence charged, we copy the following frjm the information: “That previous to the day fixed for the hearing of said charge before said Justice of the Peace, the said Elmira Oroom and the accused, her husband, Lewis Oroom, •compromised said case between themselves, and the said Justice of the Peace, Albert Kockritz aforesaid, did receive from said parties the sum of six dollars and forty cents, being the fees of the Constable and Justice of the Peace in said case, and thereupon the said Albert Kockritz discontinued said affidavit before the court and never sent same for action to the District Court.”
The defendant, who was the relator here, sought by demurrer to have the information quashed on the ground that, it disclosed no offence denounced by statute; that in cases of assault and battery and other misdemeanors the Justice of the Peace is authorized to receive costs from the parties between whom the compromise was effected.
He invoked Sec. 990 of the Revised Statutes, directing that in all cases of assault and battery and misdemeanor no charge shall be brought against the parish when the parties compromise and withdraw the prosecution.
The relator also referred us to Act 7 of 1877, in which fees are different in amount when due by the parish from what they are when paid by the defendant; that is, they are fifty per cent, less when paid by the parish.
The respondent’s contention in argument was that the case turnqd upon the proper interpretation to be placed on Sec. 990 of the Revised Statutes and Act 19 of 1886.
Our attention was specially called by the respondent to the last ■ clause of the Sec. 990 of the Revised Statutes, which reads: It shall \be lawful for the Attorney General and the District Attorney to *1229 enter a nolle prosequi; our attention was also invited to the provisions of Act 136 of 1886.
No one denies that the District Court has jurisdiction to determine whether the defendant is guilty of extortion in office.
After having entered into the examination of the particulars of the case it became evident to us that this is not the proper time to decide the questions presented.
Non constat that the cause will ever come to us for a final decision. There are facts to be considered and determined by the judge a qua and jury, from which no review is possible.
If the case is not appealable under the sentence and judgment imposed the defendant will not be left without remedy if anything occurred in the proceedings of the court differing from the regular course of the common law.
There are possible phases of the ease which perhaps should be heard and passed upon even though costs may be due by a defendant who effected a compromise in matter of assault and battery. We desire to avoid anticipating issues.
We do not feel authorized to stop a prosecution at this stage of the proceedings and reverse the ruling in refusing to sustain a demurrer.
When a case is appealable objection to the court’s action in declining to annul an information on the grounds here presented comes up regularly on the appeal.
For similar reason ordinarily, in eases such as the one before us, a review of such issues should be postponed, until the issues are well defined.
The invalidity of the proceedings in the lower court, if there is invalidity, may be examined into much more satisfactorily, and passed upon after the trial will have made evident all the questions over which we have jurisdiction.
To sustain the writ it is not only needful to show that some of the procedings are not regular and valid, but it must also be made evident that the charge in all bearings is irregular and invalid.
An accusation may not, in all respects, appear entirely void in the review of the reasons for overhauling a demurrer. After trial, however, it may be entirely different. The nullity of the information and of the whole proceedings may become quite manifest.
This court has never been hasty in taking up and passing upon questions in the course of a trial, looking to a final determination of all the issues involved before a full hearing and trial.
*1230 No reasons here suggested themselves to justify an immediate and final action in this case.
We think that the ends of justice will be subserved by declining to hold at this time and at this period in the history of the case that the information is null and void in its entirety and all proceedings absolutely irregular and invalid.
It is therefore ordered and adjudged that the provisional order herein rendered be set aside and the relator’s demand be rejected at his cost.
Rehearing refused July 1, 1897.
Nicholls, C. J., absent; ill.